## SOUTHERN TRADING CO. OF TEXAS v. FELDMAN et al. (No. 2675.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 24, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Process ⬅⟶29—Citation held sufficient compliance with statute.**

Where citation directed to the sheriff or any constable of H. and T. county, when read as a whole, disclosed that it was intended for the sheriff or any constable of T. county to summon defendant domiciled in T. county, and for the sheriff or any constable of H. county to summon a defendant residing therein, the direction of Rev. St. arts. 1851, 1852, were substantially complied with; it being sufficient if the citation commands the sheriff or constable of the county where defendant is to summon him to appear and answer.

**2. Judgment ⬅⟶138(3)—Insufficient service of citation of cross-complaint justified court in modifying default judgment thereon.**

Where action was begun against two defendants, one of whom made default in appearance, and there was insufficient service of citation on defaulting defendant in the cross-complaint of his codefendant, which was in the nature of a distinct and independent action against such codefendant, the trial court was justified in altering an original judgment on the cross-complaint and modifying it during the term.

**3. Continuance ⬅⟶6—Within court's discretion to refuse to delay trial for service of citation of cross-complaint.**

In action against two defendants, wherein one defendant filed cross-complaint against plaintiff and his codefendant, setting up new matter not included in the petition, it was within the discretion of the court to refuse to delay trial for service of citation on the cross-complaint.

**4. Bills and notes ⬅⟶301—Indorser liable, though maker released for want of consideration.**

One of the liabilities assumed by an indorser of a negotiable note is that it will be paid according to its purport, and that it is the valid instrument it purports to be; hence an indorser may be liable, even though the maker is released because of failure of consideration.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by M. Feldman against William Jones and another, in which defendant named filed a cross-complaint against plaintiff and defendant Southern Trading Company of Texas. From a judgment for plaintiff against defendant Southern Trading Company, it appeals. Affirmed.

M. Feldman brought the suit against William Jones as maker and the Southern Trading Company as indorser of three notes, each for the sum of $609.00 with interest and attorney's fees, and also to foreclose a chattel mortgage on gin machinery and fixtures given by William Jones to secure the payment of the notes. William Jones executed the notes payable to the order of the Southern Trading Company, and the Southern Trading Company for a valuable consideration transferred and indorsed the notes, after maturity of the same, to M. Feldman. The Southern Trading Company filed no answer, and made default in appearance. The defendant William Jones filed an answer to the plaintiff's petition, which consisted of a demurrer, special exceptions, general and special denial, and plea of failure of consideration, and that the plaintiff acquired the notes under circumstances which would not make him holder of the same as in due course of trade. William Jones also sought affirmative relief in the nature of a cross-complaint, or cross-bill (1) against M. Feldman and the Southern Trading Company to cancel the three notes sued on, upon the ground that they were without consideration and void, and (2) against the Southern Trading Company to cancel three outstanding notes of the same series as the ones sued on and held and owned by the Southern Trading Company, upon the ground that the three notes were without consideration and void; (3) or, in the alternative, if the notes were held and owned as valid obligations by the parties or owners, then to recover judgment for damages against the Southern Trading Company for breach of an alleged contract of purchase and sale of the gin machinery for which the notes were executed.

There was a trial of the case as between the plaintiff, M. Feldman, and the defendant William Jones, before a jury, who made answers to special issues submitted to them. In keeping with the verdict of the jury a judgment was entered (1) in favor of the plaintiff against the Southern Trading Company as indorser of the notes for the amount of the notes sued on, with interest and attorney's fees, but denying the plaintiff any recovery against the defendant William Jones, and (2) in favor of William Jones on his cross-action against the plaintiff and the Southern Trading Company, specifically canceling the six notes pleaded by him; and, further, against the Southern Trading Company in the net sum of $458 as damages. On a later day of the term the court determined "that the service of citation upon the Southern Trading Company is not sufficient to support a judgment by default against said company for the affirmative relief sought against the said company by the defendant Jones," and so far modified the judgment first entered as to eliminate and deny any recovery to William Jones on his cross-action. The court overruled the Southern Trading Com-

pany's motion for new trial so far as relates to the judgment by default entered in favor of the plaintiff, M. Feldman. The Southern Trading Company appeals from the order of the court refusing to set aside the judgment by default against it in favor of the plaintiff, M. Feldman.

The citation is as follows:

"The State of Texas.

"To the Sheriff or Any Constable of Harrison and Tarrant County, Greeting: You are hereby commanded to summon William Jones, who resides in Harrison county, Tex., and the Southern Trading Company of Texas, a corporation domiciled in Forth Worth, Tarrant county, Tex., having G. E. White as its president, to be and appear before the honorable district court of Harrison county, Tex., at the next regular term thereof to be begun and holden at the courthouse in the city of Marshall on the first Monday in January, A. D. 1922, the same being the 2d day of January, A. D. 1922, then and there to answer the plaintiff's petition filed in a suit in said court on the 3d day of December, A. D. 1921, wherein M. Feldman, operating as the American Iron & Metal Company, is plaintiff, and William Jones and the Southern Trading Company of Texas, a corporation, are defendants. Filed number of the said suit being No. 4672. The nature of the plaintiff's demand is as follows: [Here follows statement.] And you will deliver to said defendants, William Jones and the Southern Trading Company of Texas, by making service on G. E. White, president of the Southern Trading Company of Texas, who resides in Fort Worth, Tarrant county, Tex., each, in person, a true copy of this citation, together with accompanying certified copy of plaintiff's petition. Herein fail not," etc.

The return made on the original citation shows service by the sheriff of Tarrant county, Tex., upon G. E. White, president of the Southern Trading Company of Texas, at Fort Worth, Tarrant county, Tex.

Cary M. Abney, of Marshall, for appellant.

H. T. Lyttleton and Scott & Casey, all of Marshall, for appellees.

LEVY, J. (after stating the facts as above). [1] An error relied on by the appellant is that the citation was void because it was directed "To the Sheriff or Any Constable of Harrison and Tarrant County." The whole of the citation being read together, it is plainly disclosed that it is intended for the sheriff or any constable "of Tarrant County" to summon, as the writ commands, the "Southern Trading Company of Texas, a corporation domiciled in Fort Worth, Tarrant county, Tex., having G. E. White as its president," and for the sheriff or any constable "of Harrison county" to summon "William Jones, who resides in Harrison county Tex." It is not reasonable to draw any other inference from the process. And therefore the direction of the statute is substan-

tially complied with in the citation in this case. The statute requires that "one citation shall issue to each of such counties." where there are several defendants residing in different counties, and the "citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be." Articles 1851 and 1852, Revised Civil Statutes. But the direction need not, in order to be held valid, be literally exact, for the statute does not provide the precise form nor make void a citation in the form as used in this case. It is a sufficient compliance with the statute if, as here, the citation commands the sheriff or constable of the county where the defendant is to summon him to appear and answer the suit.

[2, 3] There was no error on the part of the court in modifying the judgment originally entered, so far as to deny any recovery to William Jones on his cross-complaint against the Southern Trading Company. During the term of court all the proceedings thereof are, as usually termed, "in the breast of the court," and under its control and liable to be altered or amended, when proper to do so, even without notice to the parties. As determined by the court, there was lack of sufficiency of service of citation upon the appellant in the cross-complaint of William Jones, and this fact fully justified the court in altering the original judgment as done. The cross-complaint filed raised entirely new questions from the original suit, and was in the nature of a distinct and independent action against the appellant, wherein service of citation was necessary to give jurisdiction to the court to hear and determine it. The effect of the court's action was to direct a severance of the cause of action set up in the cross-complaint, and it remains on the docket as a distinct suit, subject to such action, defense, and proceeding as may be proper and authorized by law. Any findings of the jury on special issues relating to the cross-complaint was, as decided by the court, void for lack of jurisdiction to determine the issues. Therefore the appellant cannot complain of the modification, because the court's ruling relieved it of any judgment on the cross-complaint; and appellee Jones cannot complain, because service of citation was not complete on his cross-complaint, and it was within the descretion of the court to refuse to delay the case any longer for service.

[4] The plaintiff, M. Feldman, was entitled to a judgment against the appellant on the indorsement of the notes, even though the maker, Jones, was released because of failure of consideration. One of the liabilities assumed by the indorser of a negotiable note is that the note will be paid according to its purport, and that it is the valid instrument it purports to be. 1 Daniel on Neg. Instr. (5th Ed.) § 669a; 3 R. C. L. § 363, p. 1148.

As there appears no ground to complain of the judgment rendered in favor of plaintiff against appellant, that judgment is affirmed.

Affirmed.